JAMES J. SPIKES JR          NO
   VS.                      EASTER DISTRICT
HEATH MARTIN                UNITED STATES DISTRICT
                            COURT

## SUMMARY OF CASE AND/OR BRIEF IN SUPPORT OF WRIT

NOW INTO THE COURT COMES JAMES J. SPIKES JR, IN ORDER TO BRIEF THIS COURT CONCERNING THE ACTS OF MALFEASANCE INVOLVED IN THIS CASE DOCUMENT HAVE BEEN FALSIFIED TO FALSELY DETAIN AND CONVICT THE PETITIONER PETITIONER HAS FILED IN THIS HONORABLE COURT CONCERNING THIS CONSPIRITAL PLOT CONCERNING COURT REPORTER KAREN CARTIE JENKING ALTERING TRANSCRIPTS TO FALSELY DETAIN AND PREVENT PETITIONER FROM MAKING A FAIR SHOWING ON HIS APPELIATE BRIEF. PETITIONER HAS BEEN DENIED A FAIR APPEAL ON ALL STATE LEVELS. PETITIONER FILED UNDER SPIKES VS. KAREN CARTIE JENKINS CONCERNING THESE ACTS OF MALFEASANCE DURIN 2015-2016, BUT DUE TO ACCESS TO THE COURT AND FALSIFICATION OF TRIAL TRANSCRIPT UNDER DOCKET# 15-CR4-628564 PETITIONER NOW FILES FOR THE PRODUCTION OF THE TAPES USED TO TRANSCRIBE THESE TRANSCRIPT FOR THE INTREST OF JUSTICE AND TO PROTECT THE DIGNITY OF THE LAW.

TENDERED FOR FILING

JAN 27 2020

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

RESPECTFULLY SUBMITTED,
James J. Spikes Jr
JAMES J SPIKES JR.

| STATE OF LOUISIANA | NUMBER: 15-CR4-128964 |
|---|---|
|  | DIVISION: F |
| VERSUS | 22ND JUDICIAL DISTRICT COURT |
|  | PARISH OF WASHINGTON |
| JAMES J. SPIKES, JR. | STATE OF LOUISIANA |
| FILED:_____ | _____ |

REASONS FOR DENYING APPLICATION FOR POST-CONVICTION RELIEF

Petitioner, James J. Spikes, Jr., has filed this Application for Post-Conviction Relief asserting four claims for relief. Petitioner was found guilty of violating LSA-R.S. 14:402, Possession of Contraband in a State Correctional Institution, and was subsequently sentenced to eight years imprisonment at hard labor without benefit of probation or suspension of sentence pursuant to a Habitual Offender Bill of Information. The petitioner's conviction and habitual offender adjudication and sentence were affirmed on appeal. The State of Louisiana has filed an Answer to the Application for Postconviction Relief.

*Claim I:*

In his first claim, petitioner asserts that the recent amendments to La. R.S. 15:529.1, Acts 2017, No. 282, the habitual offender law, should apply retroactively to him. Act 2017, No. 282, section 2, effective November 1, 2017, specifically provides that it "shall have prospective application only." The applicable habitual offender provisions are those that were in effect at the time of the commission of the charged offense. *State v. Parker*, 03-0924 (La. 4/14/04), 871 So. 2d 317, 318. Therefore, it is clear that the amendments to the habitual offender law effective November 1, 2017 do not apply retroactively to petitioner.

Accordingly, claim one has no merit and is therefore denied.

A True Copy of Original
This 7·31·19
Dy Clerk of Court

*Claim II:*

Petitioner alleges that his attorney 1) did not subpoena Demarquez Harris, 2) did not subpoena the confidential informant specified in the incident report made by the arresting deputies, and 3) did not move to quash "due to deleted recording of video being tampered and tainted evidence." (*PCR Application, p. 6.*)

To prevail on an ineffective assistance of counsel claim based on counsel's failure to call a witness, petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense. *Day v. Quarterman*, 566 F. 3d 527, 538 (5th Cir. 2009). In this matter, petitioner names one witness but does not name the other. He has not demonstrated that witnesses were available to testify, nor has he demonstrated that they would have done so. Further, he does not set out the content of the witnesses' proposed testimony or explain how their testimony would have been favorable to his defense. Therefore, this portion of Claim II is without merit and is denied.

As to petitioner's claim that his attorney was ineffective because he should have moved to dismiss the prosecution "due to deleted recording of video being tampered and tainted evidence", petitioner does not explain why or how the video was tampered and tainted, but instead makes only a conclusory allegation which is unsupported. The original footage from the surveillance system was deleted as explained by Warden Miller during petitioner's trial. However, the pertinent portion of the original footage, showing petitioner reaching into his pocket, taking out a phone, and placing it under a blanket, was preserved.

Further there has been no evidence presented by petitioner to support that there

2

existed any official animus towards him or a conscious effort to suppress exculpatory evidence as is required to dismiss a prosecution due to destruction of evidence. State v. Lindsey, 543 So. 2d 886, 891 (La. 1989). Therefore, petitioner has failed to demonstrate that a motion to quash, if filed, would have been granted. Based on the above, he has failed to satisfy either prong of the *Strickland* test and accordingly, claim II is without merit and is dismissed.

*Claim III:*

Petitioner alleges in claim III that Assistant District Attorney, John Alford, "coached the jury during trial on how to view the film." *PCR Application, p. 7.* The transcript of the trial supports that Mr. Alford, during his arguments, directed the jury's attention to the evidence that was admitted during the trial and urged the jury to draw certain factual conclusions based upon that evidence. Mr. Alford's arguments to the jury at trial are permitted by law under C.Cr.P. art. 774. Therefore, claim III is without merit and is denied.

*Claim IV:*

Petitioner asserts that his conviction rests upon tampered and/or tainted evidence. His assertion that "there was no showing or finding of contraband in the video footage" is rebutted by the jury's verdict in this matter. Further, his assertion that additional video footage "would have revealed Deputy Larocca deleting information from the cellphone and other items such as cigarette lighters under the blanket and Deputy Larocca speaking to the inmate in the video concerning the cell phone" does not in any way support that the petitioner is not guilty. Additionally, petitioner's allegation that "Deputy Larocca admitted he knew the cellphone was for inmate Demarquez Harris at trial" is unsupported by the transcript of the trial.

Claim IV is without merit and is denied.

3

Based on a review of the record in this matter, the Application for Post Conviction Relief, and the State's Answer to the Application for Post-Conviction Relief, the Court finds it is able to reach a summary disposition on the petitioner's application without the need for an evidentiary hearing. The Court denies the petitioner's Application for Post Conviction Relief based on the reasons set out above.

Accordingly, this Application for Post Conviction Relief is dismissed.

Franklinton, Louisiana, this __11__ day of April, 2018.

_____
Judge Martin Coady

MR. JAMES J. SPIKES, JR. #4371125
TANGIPAHOA PARISH JAIL
P.O. BOX 850
AMITE, LA. 70422

CLERK, U.S. DISTRICT COURT
500 POYDRAS STREET
ROOM C-151
NEW ORLEANS, LA. 70130

