UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JAMES JERROD SPIKES, JR.,** | * | **CIVIL ACTION** |
| **PETITIONER** | * | |
| | * | **NO. 20-cv-0316** |
| **VERSUS** | * | |
| | * | **SECTION "H" (5)** |
| **HEATH MARTIN, WARDEN** | * | |
| **RESPONDENT** | * | |

**RESPONSE TO MOTION TO INVOKE ACT 282 (REC. DOC. 12)**

MAY IT PLEASE THE COURT:

This is a habeas corpus proceeding instituted ]by James Jerrod Spikes, Jr., an individual in custody pursuant to the judgment of a state court (28 U.S.C. § 2254). Spikes has filed a *Motion to Invoke Act 282* (Rec. Doc. 12). Respondent Warden Heath Martin now responds pursuant to this Court's order (Rec. Doc. 13).

INTRODUCTION

The context for the petitioner's motion is the Louisiana legislature's decision in 2017 to amend Louisiana's habitual offender law. See Acts 2017, No. 282.[1] The amendment applies both prospectively and retroactively. But it only applies retroactively to "offenders whose convictions became final on or after November 1, 2017." Id., § 2; see also State v. Lyles, 19-0203 (La.

---

1   Available online, http://www.legis.la.gov/legis/ViewDocument.aspx?d=1051861.

10/22/19), 286 So.3d 407 (discussing the interaction of Acts 2017, No. 282 with a subsequent amendment to the habitual offender law purporting to limit the retroactive effect of Act 282).

The defendant alleges that he is entitled to retroactive application of the 2017 amendments to the habitual offender law because "Petitioner avers that his conviction did not become final until January 4, 2019." Rec Doc. 12, pg. 1, ¶ 3.

## LAW AND ARGUMENT

The date "January 4, 2019" appears from respondent's perspective to have been magically pulled out of a hat like a rabbit.

The Louisiana First Circuit Court of Appeal affirmed the petitioner's conviction and sentence on September 15, 2017. State v. Spikes, 17-0087 (La. App. 1 Cir. 9/15/17), 228 So.3d 201 ($SCR_2$ at 365-373). Because the petitioner did not apply for rehearing or apply for a writ of review from the Louisiana Supreme Court, his conviction and sentence became "final" as a matter of state law on September 29, 2017. La. C.Cr. P. art. 922(B); *Response to Petition for Habeas Corpus Relief*, pp. 12-13 & n. 5 (discussing La. C.Cr. P. art. 922). Even if the court were to use the date that the petitioner's conviction and sentence became final for purposes of the federal habeas corpus period of limitations, the petitioner's conviction and sentence became final on October 15, 2017—upon the expiration of time for seeking further review from the Louisiana Supreme Court. 28 U.S.C. § 2244(d)(1)(A); La. Sup. Ct. Rule X, § 5. Regardless of which date is used, the petitioner's conviction and sentence became final before November 1, 2017.

The Louisiana courts therefore correctly interpreted Louisiana law in finding that the defendant was not entitled to the benefit of retroactive application of Acts 2017, No. 282.

In any event, even if this Court disagrees with the Louisiana courts' application of Louisiana law, the petitioner is not entitled to relief because "it is not the province of a federal

habeas court to reexamine state-court determinations on state-law questions." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991).

CONCLUSION AND PRAYER

There is no merit to the petitioner's *Motion to Invoke Act 282*. For that reason, the Court should deny the motion.

Respectfully Submitted,

/s/ Matthew Caplan
Matthew Caplan, #31650
Assistant District Attorney
701 N. Columbia Street
Covington, Louisiana 70433
Tel: (985) 809-8398
Email: mcaplan@22da.com

CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing pleading by sending it via USPS first-class mail, addressed as follows:

> James Jerrod Spikes, Jr., DOC # 461129
> Tangipahoa Parish Jail
> P.O. Box 250
> Amite, LA 70422
> *Petitioner, pro se*

This the 30th day of April, 2020, at Covington, Louisiana.

/s/ Matthew Caplan
Matthew Caplan, #31650
Assistant District Attorney