UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES JERROD SPIKES, JR.
  PETITIONER

VERSUS

HEATH MARTIN, WARDEN
  RESPONDENT

CIVIL ACTION

NO. 20-CV-0316

SECTION "H" (5)



FILED MAY 14 2020 — CAROL L. MICHEL, CLERK — U.S. DISTRICT COURT, EASTERN DISTRICT OF LOUISIANA

## PETITIONER RESPONSE TO RESPONDENT RESPONSE FOR HABEAS CORPUS RELIEF

NOW INTO THE COURT COMES, PETITIONER, JAMES JERROD SPIKES, JR. TO RESPOND TO RESPONDENT RESPONSE FOR HABEAS RELIEF,

### CLAIM I

PETITIONER AVERS HE IS ENTITLED TO RETROACTIVE APPLICATION OF THE 2017 AMENDMENTS TO LOUISIANA'S HABITUAL OFFENDER

PETITIONER AVERS IN CITING STATE V. LYLES, 18-0283 PP. 4 (La. App. 5 CIR 12/27/18) LOUISIANA SUPREME COURT. THE STATE, HOWEVER, ATTEMPTS TO BREATH AMBIGUITY INTO THIS LANGUAGE BY QUESTIONING WHEN A CONVICTION BECOMES FINAL. THE QUESTION IS READILY ANSWERED BY CODE OF CRIMINAL PROCEDURE ARTICLES 914 AND 922. AND THE STATE'S DESIRE

THAT FINALITY BE DETERMINED DIFFERENTLY FOR PURPOSES OF THE HABITUAL OFFENDER LAW THAN IN OTHER CONTEXTS DOES NOT SUFFICE TO INTRODUCE AMBIGUITY INTO THE CLEAR LANGUAGE THE LEGISLATURE. WE FIND THAT 2017 La. ACTS 282, § 2, WHICH PROVIDES THAT ACT 282 "SHALL BECOME EFFECTIVE NOVEMBER 1, 2017, AND SHALL PROSPECTIVE APPLICATION ONLY TO OFFENDER WHOSE CONVICTIONS BECOME FINAL ON OR AFTER NOVEMBER 1, 2017" IS UNEQUIVOCAL, AND THEREFORE NOT SUBJECT TO FURTHER JUDICIAL CONSTRUCTION. FOR PERSONS LIKE DEFENDANT, WHOSE CONVICTIONS BECAME FINAL ON OR AFTER NOVEMBER 1, 2017 AND WHOSE HABITUAL OFFENDER BILLS WERE FILED BEFORE THAT DATE, THE FULL PROVISIONS OF ACT 282 APPLY. PETITIONER AVERS HIS SENTENCE BECAME FINAL AS THE STATE HAS CONCURRED ON MAY 29, 2019 AFTER HIS RULING FROM THE FIRST CIRCUIT COURT OF APPEAL BECAME FINAL WELL AFTER NOVEMBER 1, 2017. PETITIONER AVERS IN ACCORDANCE WITH CODE OF CRIMINAL PROCEDURE ARTICLES 914 AND 922 A CONVICTION AND SENTENCE BECOME FINAL AFTER TWO (2) YEARS HAS EXPIRED TO FILE ALL STATE POST-CONVICTION REMEDIES. PETITIONER AVERS HIS HABITUAL OFFENDER ADJUCATION WAS ON JANUARY 4, 2017 AND IN ACCORDANCE WITH CODE OF CRIMINAL PROCEDURE 914 AND 922 HIS CONVICTION AND SENTENCE BECAME FINAL JANUARY 4, 2019. THIS DATE DID NOT MAGICALLY APPEAR. IN LIGHT OF HIS SUPERVISORY WRIT TO THE FIRST CIRCUIT COURT OF APPEAL HIS FINAL JUDGMENT ON THE GROUNDS PRESENTED MAY 29, 2019. IS THE FINALITY OF HIS CONVICTION AND SENTENCE. PETITIONER AVERS HE IS ENTITLED TO THE FULL PROVISIONS OF ACT 282. PETITIONER AVERS HIS DIRECT APPEAL JUDGEMENT BECAME FINAL ON SEPTEMBER 29, 2017 NOT HIS CONVICTION AND SENTENCE. PETITIONER AVERS CODE OF CRIMINAL

PROCEDURE STATES IN ARTICLE 922 PROVIDES THAT WHEN A PETITIONER FAILS TO TIMELY APPLY FOR A WRIT OF REVIEW WITH THE LOUISIANA SUPREME COURT, THE JUDGEMENT OF AN APPELLATE COURT BECOMES FINAL WHEN THE DELAY FOR APPLYING FOR A REHEARING. PETITIONER AVERS THE RULING BECOMES FINAL NOT THE CONVICTION AND SENTENCE. PETITIONER AVERS INDIGENT DEFENDER FREDRICK KRONKE FILED PETITIONER'S DIRECT APPEAL BASED ON EXCESSIVE SENTENCE. WHEN PETITIONER BECAME COGNIZANT OF ACT 282 AND FILED A POST-CONVICTION RELIEF TO THE 22nd JUDICIAL DISTRICT COURT ON OCTOBER 2, 2017 MENTIONING SENATE BILL 221 AND/OR ACT 282. PETITIONER AVERS IF HIS CONVICTION AND SENTENCE WERE FINAL THE STATE A.D.A CAPLAN WOULD HAVE MENTIONED IT IN HIS RESPONSE. PETITIONER AVERS AS THE LOUISIANA SUPREME COURT STATED IN CITING STATE VS. LYLES, 18-0283 PP 4 (La. APP. 5 CIR. 12/27/18), 263 So. 3d 930, 935. THE STATE, HOWEVER, ATTEMPTS TO BREATH AMBIGUITY INTO THIS LANGUAGE BY QUESTIONING WHEN A CONVICTION BECOMES. A.D.A CAPLAN TRIES TO BREATH AMBIGUITY INTO THIS LANGUAGE BUT IT IS DEFEATED BY HIS OWN WORDS A STATE CONVICTION AND SENTENCE BECOMES FINAL WHEN YOUR CONVICTION AND SENTENCE ARE PROCEDURALLY BARRED. PETITIONER AVERS A.D.A CAPLAN ADMITS TO USING THE WRONG DOCKET NUMBER 16-CR6-129868 WITH A JASON J. SPIKES JR. PETITIONER AVERS WHEN THE COURT DIDNOT ANSWER WITH THE RULING ON HIS POST-CONVICTION APPLICATION UNTIL JULY 31 2019 (SEE DATE OF RULING.) PETITIONER AVER DUE TO THE COURTS UNRESPONSIVENESS HINDERED HIM FROM BEING AWARE HIS POST-CONVICTION APPLICATION WAS DENIED

3.

Petitioner avers in response claims transcripts do not accurately reflect the event occurring at trial.

Petitioner avers A.D.A Caplan response to Karen Cartie Jenkins falsifying transcript using her certification. Petitioner avers court reporter Karen Cartie Jenkins was made aware of the pending lawsuit before trial. Petitioner attorney David Craig Jr who now is employed by the District Attorney's Office notified her and told petitioner she was worried. Petitioner avers in citing the last part of her certification "I am not related to counsel or the parties herein nor am I otherwise in the outcome of this matter. Petitioner avers Karen Cartie Jenkins was aware of the lawsuit filed against her concerning the February 9, 2015 transcript being falsified that would have released petitioner from custody. Petitioner avers at sentencing A.D.A John Alford who was petitioner's prosecuting attorney at trial laughed as he stood by Karen Cartie Jenkins shuffling through the transcripts smirking. Petitioner aver this acknowledge that he (John Alford) was the master mind behind all alterations of transcript. Petitioner avers her certification should be seen as null and void. Due to pending lawsuit lodged against Karen Cartie Jenkins in this court at the time trial transcription was being transcribed. Petitioner avers Karen Cartie Jenkins did have interest in the outcome of the matter retaliation on the person suing her for

4

Petitioner avers after the Clerk of Court sent notification that the docket number 16-CR6-129868 was no longer responsive to my name Petitioner was under the impression Act 282 had been granted and his multible offender bill and sentence had been vacated by the 22nd Judicial District Court. Petitioner avers he filed a writ of mandamus on December 20, 2018 the First Circuit notified Petitioner of the April 11, 2018 judgement rendered by Hon. Martin E. Coady. Petitioner avers that the 22nd Judicial District hindered Petitioner from seeking higher review timely Petitioner avers the court did not send a copy of the judgment until July 31, 2019 purposely to procedurely bar Petitioner. (See date on judgement).

Petitioner avers he was not able to seek review he did not have a copy of the denial and was unaware of the reason for denial. Petitioner avers he should be immediate released under Act 282 and any procedural default is defeated by the State wrong docket number and court failure to provide ruling before the 2 year prescriptive period elasped under Code of Criminal Procedure 914 and 922. Petitioner aver the Louisiana Supreme Court has already ruled in his favor in stating quote in citing, State vs. Lyles, 18-0283 pp.4 (La App 5Cir 12/27/18. For persons like Defendant, whose conviction became final on or after November 1, 2017 and whose habitual offender bills were filed before that date, the full provisions of Act 282 apply.

5.

FILING AND MAINTAINING FALSE DOCUMENTS. PETITIONER AVER THAT IF THIS COURT PLAYED THE AUDIO TAPES VERSUS THE TRANSCRIPTS DOZENS OF ALTERATIONS WOULD BE DISCOVERED. PETITIONER AVERS THAT THE TRANSCRIPTS ARE NOT VERBATIM TO THE AUDIO TAPES. PETITIONER AVERS THE SUIT WAS DISMISSED DUE TO NON PROSECUTION DUE TO THE COURT NOT NOTIFYING PETITION THAT THE CHARGES WERE DISMISSED. PETITIONER AVERS FEDERAL LAW STATES A CRIMINAL MATTER TURNS CIVIL AFTER ADJUDICATION YOU HAVE 1 YEAR TO FILE FEDERAL CIVIL COMPLAINT. ~~THE~~ PETITIONER AVERS THE COURT RECORDS CLAIM THE CRIMINAL CHARGES CONCERNING THE CIVIL COMPLAINT CONCERNING CARTIE JENKINS WAS DISMISSED SEPTEMBER OF 2017. PETITIONER WAS NOT PRESENT FOR THE DISMISSAL OF CHARGES AND HAD NO RECORD TO PRESENT TO THIS COURT THE COMPLAINT WAS PASS HECK IN CITING HECK VS. HUMPHREY. PETITIONER AVER HE CONTACTED LT. LINDA BARBER AND SHERIFF RANDY SEAL OF WASHINGTON PARISH JAIL IN WHICH A DETAINER FOR THESE CHARGES ARE STILL LODGED AGAINST PETITIONER. PETITIONER AVERS EVEN THOUGH THE LIMITATION FOR INSTITUTION OF PROSECUTION HAS EXPIRED THIS CONFLICT OF RECORD EXISTS. PETITIONER AVERS HE STILL HAS A YEAR AFTER THE DETAINER IS RESOLVED TO RE-FILE SUIT AGAINST KARIE CARTIE JENKINS. PETITIONER AVER THE AUDIO TAPES COMPARED TO THE RECORD IS THE ONLY WAY TO REFUTE HIS CLAIM OF ALTERATION AND FALSIFICATION OF TRANSCRIPT ON BEHALF OF KAREN CARTIE JENKINS.

(6)

HINDERED HIM FROM PROVING HIS CUSTODY WAS UNLAWFUL. PETITIONER AVERS THERE ARE MANY STATEMENT MISSING FROM THE TRANSCRIPT. PETITIONER AVERS THE OPENING STATEMENT OF JUDGE COADY INTRODUCING HIMSELF TO THE JURY. AND I QUOTE "I'M MARTY COADY JUDGE PRESIDING OVER THIS CASE I HOPE YOU FIND THE DEFENDANT GUILT GUILTY OF A LESSER CHARGE." PETITIONER AVERS HIS COUNSEL DID ADVISE JUDGE COADY HE FORGOT TO SAY "NOT GUILT" AS A CHOICE OF VERDICTS. PETITIONER AVERS A.D.A JOHN ALFORD MENTIONED PETITIONER HAD OTHER PENDING CONTRABAND CHARGES TAINTING THE JURY MIND. PETITIONER AVERS THESE CHARGES WERE LATTER DISMISSED ACCORDING TO COURT RECORD. PETITIONER AVERS BUT THE WASHINGTON PARISH SHERRIFF STILL HAS A DETAINER LODGE AGAINST PETITIONER AND HE HAS CONTACTED THEM AND ASK THEM TO REMOVE AND MOTION THE JUDGE COADY IS UNRESPONSIVE. PETITIONER AVERS HE DID NOT RECIEVE A COPY OF TRIAL TRANSCRIPT UNTIL AUGUST OF 2019 AND HE DID NOT RECIEVE A COPY OF POST-CONVICTION RULING UNTIL JULY 31, 2019. HON JUDGE COADY ENSURE PETITIONER WOULD BE PROCEDURALLY BARRED INTENTIALLY. PETITIONER AVERS HE HAS BEEN HINDER FROM MAKING A FULL CIRCUIT THROUGH THE STATE COURT FOR SEVERAL REASONS UNRESPONSIVENESS FROM THE COURT, INCORRECT DOCKET NUMBERS PLACED ON HIS POST-CONVICTION APPLICATION RESPONSE. CAUSING HIM TO FILE UNDER WRONG DOCKET NUMBER. PETITIONER AVERS AND FINALLY THE COURT FAILURE TO NOTIFY PETITIONER THE REASON FOR DENIAL UNTIL AFTER THE 2 YEAR PROSCRIPTIVE PERIOD HAD EXPIRED PURPOSELY DONE DATED ON THE FACE OF

PETITIONER AVERS ANDREW KAPLAN STATES THERE WAS NOT ANY CHALLENGING OF THE ACCURACY OF THE TRANSCRIPTS IN HIS DIRECT APPEAL. PETITIONER AVERS HE DID NOT PREPARE HIS DIRECT FREDRICK KROUKE ATTORNEY FOR LOUISIANA APPELLATE PROJECT PREPARED PETITIONER'S DIRECT APPEAL. PETITIONER AVERS FREDRICK KROUKE HAS RETIRED FROM THE LOUISIANA APPELLATE PROJECT. PETITIONER AVERS HE THEN PETITIONED THE COURT FOR THE TRIAL TRANSCRIPT. PETITIONER AVERS JUDGE MARTIN COADY WAS UNRESPONSIVE TO HIS MOTION FOR PRODUCTION OF DOCUMENT AS HE WAS ALSO UNRESPONSIVE TO HIS MOTION FOR PRODUCTION OF DOCUMENTS FOR HIS APRIL 11, 2018 POST-CONVICTION RULING. PETITIONER AVERS HE FILED NUMEROUS COMPLAINTS TO THE JUDICIAL COMMISSION CONCERNING JUDGE MARTIN COADY BIAS JUDGEMENTS AND UNRESPONSIVENESS TO HIS MOTIONS. PETITIONER AVERS JUDGE COADY WAS ORDERED TO GIVE PETITIONER A PRELIMINARY EXAMINATION BY THE JUDICIAL COMMISSION FOR HIS ORIGINAL ARREST THAT WAS DETERMINED TO BE FALSE. PETITIONER AVERS HON. COADY STILL DETAINED PETITIONER FALSELY EVEN THOUGH LIMITATION FOR INSTITUTION OF PROSECUTION HAD EXPIRED PETITIONER AVERS THE FALSIFICATION COMMITTED BY KAREN CARTIE JENKINS ON FEBRUARY 9, 2015 MADE SEVERAL CIVIL COMPLAINTS FILED BY PETITIONER FRIVOLOUS. PETITIONER AVERS WHEN KAREN CARTIE JENKINS COURT REPORTER FALSIFIED THE FEBRUARY 9, 2015 TRANSCRIPT THAT CAUSED HIS DETAINMENT TO SEEM LAWFUL. PETITIONER AVERS KAREN CARTIE JENKINS DELETED THE STATEMENTS MADE BY A.D.A LEANN WAHL THAT SHE HAD NO FORMAL CHARGES FILED AGAINST PETITIONER PETITIONER AVERS THE ALTERATION OF TRANSCRIPT

THE RECORD

Petitioner response to relief upon his claim he is entitled to retroactive application of the 2017 amendments to Louisiana's Habitual Offender Law.

Petitioner avers that the Louisiana Supreme Court has already ruled State v. Lyies, 18-0283 pp. 4 (La. App. 5cir 12/27/18), 263 So. 3d 930, 935 under Article 914 and 922 of Code of Criminal Procedure. Petitioner avers his two prescriptive period to file post-convict did not end until May 29, 2019 as explained by A.D.A Caplan. Petitioner avers Act 282 was prospectfully for defendant who were not procedurely barred due to (2) two year prescriptive period having not expired on November 1, 2017. Petitioner avers his two (2) year prescript period did not expire until May 29, 2019 he is entitled to immediate release under Act 282. Petitioner avers due to the district and appellate misinterputing legislature language has prolonged relief for petitioner. Petitioner aver the Louisiana Supreme Court has ruled in his favor in light of State vs. Lyies, 18-0283 pp. 4 (La. App. 5cir 12-27-18.) (See full case attatched)

Petitioner response to relief to tampering with evidence claim.

Petitioner avers warden Jim Miller was a co-defendt listed in another civil suit filed in this Honorable Court Spikes vs. Randy Seal involving a contraband charge that was dismissed

9.

Petitioner avers Warden Jim Miller testimony shows bad faith. Petitioner avers the full video existed for two weeks. Petitioner avers Warden Jim Miller purposely destroyed the original version by stopping his phone and altering the video. Petitioner aver if the video would have been fully captured by his phone it would have shown that the cell phone found was impossible to be Petitioner because it was close to the side inmate Harris was sitting on. Petitioner avers it would have also shown Corporal LaRocca deleting his number from the phone. Petitioner avers Warden Jim Miller altered the video of the cell phone footage to falsely charge Petitioner out of retaliation for filing civil complaint against Warden Miller and Sheriff Randy Seal. Petitioner aver deleting the cell phone footage was evidence of bad faith and tampering with evidence patent on the face of the record. Petitioner aver Jim Miller had (2) two week to capture the full video with his phone. Arizona v. Youngblood, 488 U.S. 51 (1988)

PETITIONER RESPONSE TO RELIEF BASED UPON HIS CLAIM THAT COUNSEL WAS INEFFECTIVE FOR FAILING TO CALL DEMARQUEZ HARRIS AS A WITNESS CLAIM (3)

PETITIONER AVERS CONCERNING ATTORNEY DAVID CRAIG JR. HE INSURED PETITIONER HE WOULD SUPOENA DEMARQUEZ HARRIS. PETITIONER AVERS DEMARQUEZ HARRIS COULD HAVE TESTIFIED TO WHICH SIDE THE PHONE WAS FOUND AND MOST IMPORTANTLY WHAT DEPUTY LAROCCA DID TO THE PHONE WHEN HE FOUND. PETITIONER AVER ATTORNEY DAVID CRAIG NEW HOW VALUABLE DEMARQUEZ HARRIS WAS TO THIS CASE. AND DIDNOT SUBPEONA HIM AS HE PROMISED WHEN WE AGREED TO GO TO TRIAL A SUCH SHORT NOTICE. PETITIONER AVERS HE WAS SCHEDULE FOR A PRELIMINARY EXAMINATION WHICH TOOK PLACE THE SAME DAY AS HIS TRIAL. PETITIONER AVERS HE WAS NOT AWARE OF TRIAL UNTIL HE REACHED THE COURT ROOM. PETITIONER AVERS ATTORNEY DAVID CRAIG DIDNOT GIVE HIM A COPY OF THE DISCOVERY UNTIL AFTER TRIAL. PETITIONER AVERS HE FILE SEVERAL MOTIONS TO HON. MARTIN E COADY TO RECUSE DAVID CRAIG JR AS HIS COUNSEL. PETITIONER AVERS JUDGE COADY WAS UNRESPONSIVE TO HIS MOTIONS TO RECUSE (11)

Petitioner avers he was not aware until after trial a confidential informant was involved in the case due to Attorney Craig not giving the Petitioner a copy of the discovery until after trial. Petitioner aver he filed a motion for mistrial due to the comment made by Attorney David Craig to A.D.A John Alford and I quote "Good Job Big John." Petitioner avers that is the nickname David Craig calls A.D.A John Alford. Petitioner aver Attorney David Craig now works for the District Attorney office. Petitioner avers David Craig purposely ineffective assisted petition due to petitioner reporting him to the Bar Association for racist statements that all Black look alike in a orange jumper. Petitioner avers his current job as ADA was granted to him for help incarcerate the petitioner who filed civil suit and complaints on all police officers and court officer who engaged in act of malfeasance to falsely incarcerate Petitioner with act of filing false indictment, falsifying transcripts and tampering with evidence. Petitioner avers Attorney Craig is clearly ineffective assistance of counsel and a former conspirator of malicous plot to incarcerate Petitioner for excercising his civil right by filing complaints to the Judicial Commission Bar Association

(12)

AND EASTERN DISTRICT COURT OF LOUISIANA. PETITIONER AVERS THAT DEMARQUEZ HARRIS AND CONFIDENTIAL INFORMANT WOULD HAVE VERIFIED WHY WARDEN JIM MILLER PURPOSELY ALTERED THE FILM. PETITIONER AVERS THE VIDEO AND THE INCIDENT REPORT DO NOT MATCH MAKING THEM BOTH FALSE AND UNSUPPORTED EVEN JIM MILLER TESTIFIED TO THAT. PETITIONER AVERS EVIDENCE IS TAMPERED AND REPORT IS FALSE PATENT ON THE FACE OF THE PETITIONER IS ENTITLE TO RELIEF.

PETITIONER RESPONSE TO RELIEF BASE UPON CONCERNING IDENTITY OF A CONFIDENTIAL INFORMANT.

PETITIONER AVERS HE DID NOT MOVE COURT FOR IDENTITY OF THE CONFIDENTIAL INFORMANT BECAUSE HE DID NOT RECIEVE THE COPY OF THE DISCOVERY UNTIL AFTER TRIAL. PETITIONER AVER ATTORNEY DAVID CRAIG PURPOSELY WITHHELD THE DISCOVERY FROM PETITIONER BECAUSE HE NEW THE PETITIONER WOULD HAVE BEEN PREPARED FOR DEFENSE AND NOT HAVE SUFFER FROM AN UNFAIR TRIAL. PETITIONER AVERS THE CONFIDENTIAL INFORMANT WOULD HAVE TESTIFIED TO WHERE THE PHONE WAS FOUND WHO PLACE THE PHONE UNDER BLANKET AND WHAT DEPUTY LAROCCA DID CONCERNING DELETING HIS NUMBER FROM THE PHONE WHEN HE FOUND IT.

(13.)

PETITIONER AVERS ATTORNEY CRAIG KNEW THE CONFIDENTIAL INFORMANT EXISTED AND WITHHELD THIS KNOWLEDGE FROM PETITIONER UNTIL AFTER TRIAL. PETITIONER AVERS THAT WHEN THE STATE FAILS TO PROVIDE A COFIDENTIAL INFORMANT CHARGES SHOULD BE QUASHED. PETITIONER AVER A.D.A AlFORD COULD HAVE ACKNOWLEDGE A CONFIDENTIAL INFORMANT WAS INVOLVED IN THE PRE-TRIAL CONFERENCE BEFORE TRIAL WHEN A.D.A TRIED TO CONVINCE PETITIONER TO TAKE A 6 YEAR PLEA BARGAIN WITH A MULTIBLE BILL CLEARLY MALICOUS PROSECUTION PATENT ON THE FACE OF THE RECORD.

## Conclusion

PETITIONER AVERS HE HAS SHOWN TO HIS BEST OF KNOWLEDGE OF LAW AND HIS LIMITED ACCESS TO A LAWLIBRARY TO ARGUE CASE LAW. PETITIONER AVERS HE HAS SUFFERED FROM UNFAIR ADMINISTRATION OF JUSTICE INEFFECTIVE ASSISTANCE OF COUNSEL, MALICOUS PROSECUTION, ALTERATION OF TRIAL RECORD TAMPERING OF EVIDENCE, RACIAL DISCRIMINATION BIAS JUDGMENT, DENIAL OF ACCESS TO COURT THROUGH UNRESPONSIVENESS DUE TO HIS FILING OF CIVIL COMPLAINTS TO THIS HONORABLE COURT IN WHICH DEPUTIES SEIZE HIS PAPERWORK ON THE DAY OF HIS ARREST TO INFORM POLICE OFFICERS AND COURT OFFICER OF PETITIONER

(14.)

COMPLAINTS. PETITIONER AVERS HE IS ENTITLE TO RELIEF BASED ON HIS CLAIMS AND AND PROCEDURAL DEFAULT SHOULD BE WAIVED DUE THE WRONG DOCKET NUMBER BEING PLACED ON PETITIONER POST-CONVICTION APPLICATION AND THE CLERK OF INFORMING HIM THE DOCKET# IS UNRESPONSIVE GIVING PETITIONER THE IMPRESSION HIS SENTENCE HAD BEEN VACATED PETITIONER AVERS ALSO DUE TO UNRESPONSIVENESS OF THE RULING, UNTIL JULY 31, 2019 TWO (2) MONTHS AFTER HE WAS PROCEDURALLY BARRED FROM STATE COURT POST-CONVICTION REMEDIES.

## PRAYER

WHEREFORE PETITIONER PRAYS THAT THIS HONORABLE COURT GRANT HIM RELIEF IN ACCORDANCE WITH ACT 282 DUE TO HIS CONVICTION AND SENTENCE NOT BECOMING FINAL UNTIL MAY 29, 2019 AFTER NOVEMBER 1, 2017 IN LIGHT OF STATE V. LYLES LOUISIANA SUPREME COURT DECISION 10-22-19

RESPECTFULLY SUBMITTED

*/s/ James J. Speks Jr.*
PETITIONER
JAMES JERROD SPEKS JR

Legal Mail

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS, LA. 70130

#431129
Tangipahoa Parish Jail
Mr. James Jerrod Spikes
P.O. Box 250
Amite LA 70422-0250